Sepulveda v. USA                    CV-95-184-SD   08/13/98

UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


<u>Edgar Sepulveda</u>

_____v.                              Civil No. 95-184-SD

<u>United States of America</u>


                           O R D E R


     Petitioner Edgar Sepulveda has moved for an extension of

time for filing of a notice of appeal.  Document 4.  For reasons

that follow, his motion must be denied.


1.  <u>Background</u>

     On January 7, 1997, the court denied petitioner's motion

which sought relief pursuant to 28 U.S.C. § 2255.  Petitioner

thereafter had 60 days in which to appeal the judgment,[1] a time

period which expired on March 10, 1997.  Fed. R. App. P.

4(a)(1);[2] Rule 6(a), Fed. R. Civ. P.[3]

_____

     [1]Judgment entered on January 7, 1997, the same date as the
date of the court's order denying the section 2255 motion.

     [2]Fed. R. App. P. 4(a)(1) governs the time for filing of a
notice of appeal.  In cases where, as here, the United States is
a party, "the notice of appeal may be filed by any party within
60 days after" entry of judgment.  <u>Id.</u>

     [3]Rule 6(a), Fed. R. Civ. P., sets forth the computation of
time for filings in federal courts, and where, as here, the last
day is a Saturday (March 8, 1997), the movant is granted an
extension until the following Monday (March 10, 1997).

On April 9, 1998, petitioner filed his current motion. Invoking Rule 60(b)(6), Fed. R. Civ. P.,[4] petitioner seeks an extension of time for filing a notice of appeal to June 1, 1998.

The thrust of the motion concerns petitioner's claim that he retained and paid counsel to file a timely notice of appeal, that counsel agreed to do so, and that counsel, although repeatedly questioned as to progress with the appeal by petitioner's agent, replied that he had filed and briefed such appeal. No such notice of appeal was ever filed, and, although the record is unclear, it appears that engaged counsel has been suspended, if not actually disbarred, from the practice of law.

The right of the court to extend the time for filing a notice of appeal "upon a showing of excusable neglect and good cause" is limited to ruling upon a "motion filed not later than 30 days after the expiration of the time prescribed by . . . Rule

---

[4]Rule 60(b), Fed. R. Civ. P., governs the procedure in cases where mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc., are present, and provides for relief under circumstances therein set forth. Subsection (6) of that rule is the "catch-all" provision, authorizing action for "any other reason justifying relief from the operation of the judgment."

2

4(a)." Fed. R. App. P. 4(a)(5).[5] The motion here was filed well beyond such date.

Moreover, petitioner's reliance on Rule 60(b)(6) is misplaced in the circumstances of this case. As a leading commentator notes, it is only in certain very limited circumstances, none of which are here present, that Rule 60(b)(6), Fed. R. Civ. P., serves to override the strictures of Fed. R. App. P. 4(a)(5). 20 MOORE'S FEDERAL PRACTICE § 304.14[5], at 304-62-67 (Matthew Bender 3d ed. 1997).


3. Conclusion

It is indeed unfortunate that plaintiff's counsel apparently failed to comply with the timely requirements of appellate practice. But petitioner is, under the law, held accountable for the acts and omissions of his counsel. Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 397

---

[5]Fed. R. App. P. 4(a)(5) provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

(1993).  Accordingly, the petitioner's motion must be and it is herewith denied.

     SO ORDERED.


                                          _____
                                          Shane Devine, Senior Judge
                                          United States District Court

August 13, 1998

cc:  Edgar Sepulveda, pro se